11-69-ag
Kamara v. Holder

BIA
Schoppert, IJ
A096 167 618

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 6th day of August, two thousand twelve.

PRESENT:
>  ROSEMARY S. POOLER,
>  GERARD E. LYNCH,
>       *Circuit Judges.*[1]

_____

MOHAMED KAMARA,
>       *Petitioner,*

>       v.                                    **11-69-ag**
>                                             **NAC**

ERIC H. HOLDER JR., UNITED STATES ATTORNEY GENERAL, UNITED STATES DEPARTMENT OF JUSTICE, BOARD OF IMMIGRATION APPEALS,
>       *Respondents.*

_____

---

[1] The Honorable Roger J. Miner, originally a member of the panel, died on February 18, 2012. The two remaining members of the panel, who are in agreement, have determined the matter. See 28 U.S.C. § 46(d); 2d Cir. IOP E(b); *United States v. Desimone*, 140 F.3d 457 (2d Cir. 1998).

FOR PETITIONER:            Brian I. Kaplan, New York, New York.

FOR RESPONDENTS:           Tony West, Assistant Attorney
                           General; Daniel E. Goldman, Senior
                           Litigation Counsel; Jonathan
                           Robbins, Attorney, Office of
                           Immigration Litigation, United
                           States Department of Justice,
                           Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Mohamed Kamara, a native and citizen of Sierra Leone, seeks review of a November 23, 2010, order of the BIA, affirming the December 9, 2008, decision of Immigration Judge ("IJ") Douglas B. Schoppert, which denied his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Mohamed Kamara*, No. A096 167 618 (B.I.A. Nov. 23, 2010), *aff'g* No. A096 167 618 (Immig. Ct. N.Y. City Dec. 9, 2008). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we review the IJ's decision as supplemented by the BIA. *See Yang Chen v. Gonzalez*, 417 F.3d 268, 271 (2d Cir. 2005). We review the

2

agency's factual findings under the substantial evidence standard. *See Aliyev v. Mukasey*, 549 F.3d 111, 115 (2d Cir. 2008).

Here, substantial evidence supports the agency's conclusion that conditions in Sierra Leone have fundamentally changed such that Kamara's fear that he will be persecuted if returned to that country is no longer well founded. *See Jalloh v. Gonzales*, 498 F.3d 148, 151 (2d Cir. 2007) (finding that substantial evidence supported the BIA's finding that country conditions in Sierra Leone had changed with the conclusion of the civil war). As the agency found, the U.S. Department of State's 2007 Country Report on Human Rights Practices for Sierra Leone ("2007 Country Report") indicated that "[i]n 2002, the devastating 11-year civil war officially ended, and the government, backed by a United Nations peacekeeping force (UNAMSIL), asserted control over the whole country." Moreover, the agency reasonably determined that the evidence in the record confirmed that the Revolutionary United Front ("RUF") rebel group had been disarmed, demobilized, and disbanded, as the 2007 Country Report indicated that "[d]uring the year the remaining combatants who fought for the RUF, the rebel group that started the country's 11-year civil war . . . were sentenced to death and were on death row at year's end."

Kumara argues that "even if the RUF rebels have disbanded, they possibly still live in the community and are dangerous to someone like [him] who witnessed many atrocities." Kamara's argument is unavailing, however, as there is no evidence in the record that the RUF rebel group at whose hands Kamara testified he had suffered remains active in Sierra Leone, or that former RUF members continue to target civilians. Accordingly, the agency reasonably concluded that record evidence that the civil war had ended and combatants were disarmed and disbanded established a fundamental change in country conditions and rebutted Kamara's claim to a well-founded fear of future persecution. *See* 8 C.F.R. § 208.13(b)(1); *Passi v. Mukasey*, 535 F.3d 98, 101 (2d Cir. 2008).

As the agency's finding of changed country conditions is supported by the record and is dispositive of Kamara's asylum claim, *see* 8 C.F.R. § 1208.13(b)(1)(i)(A), we need not reach the agency's alternative adverse-credibility and nexus findings.

Because Kamara was unable to show the objective likelihood of persecution needed to make out an asylum claim, he was necessarily unable to meet the higher standard required to demonstrate his eligibility for withholding of removal and CAT relief. *See Paul v. Gonzales*, 444 F.3d 148,

4

156 (2d Cir. 2006); *Gomez v. INS*, 947 F.2d 660, 665 (2d Cir. 1991).

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, Kamara's January 7, 2011 motion for a stay of removal in this petition is DISMISSED as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk
